UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND


In re:

DANIELLE LEMA                                    BK No. 09-11808
          Debtor(s)                              Chapter 13


## ORDER CONFIRMING CHAPTER 13 PLAN

The Debtor(s) filed a Chapter 13 Plan (The "Plan") on May 26, 2009. Debtor(s) filed a Certificate of Service on May 26, 2009, reflecting that the Plan and any applicable motions were served on all creditors and parties-in-interest. No objections to the confirmation of the plan or motions were filed, or all objections were overruled by the Court or resolved by the parties.  Upon consideration of the foregoing, the Court hereby orders the following:

1.    The Plan is confirmed.  The term of the Plan is 36 months.

2.    The motion to modify the secured claim of Federal National Mortgage Association as serviced by Aurora Loan Services is granted in accordance with the terms of the Consent Order entered by this Court on January 22, 2010.

      The motion to modify the secured claim of EMC Mortgage Corp. is granted. Notwithstanding anything in the confirmed Chapter 13 Plan to the contrary, the proposed strip-off or modification of the first mortgage in favor of ECM Mortgage Corp. on the Debtor's property at 15 9th Street, E E. Providence, Rhode Island shall not be effective unless and until a discharge has been entered on the Bankruptcy Court's Docket in the Chapter 13 case.

3.    The motion to avoid the lien N/A

4.    The motion to assume or reject lease N/A

5.   The employer of the Debtor, Winograd, Shine & Zacks, Attn: Payroll Dept., 123 Dyer Street, Providence, RI 02903, shall deduct from the wages of the Debtor and forward to the Office of the Standing Chapter 13 Trustee, P.O. Box 2561, Providence, Rhode Island 02906, the sum of $470.00 per month for 36 months.

6.   The debtor shall pay to the Trustee all federal income tax refunds received during each year of the Plan.

7.   The effective date of confirmation of the Plan is December 30, 2009.

8.   The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed Plan are set forth on the attached summary which is incorporated herein by reference.

9.   Unless otherwise ordered by the Court, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the Debtor(s) only upon closing of the case.  All property of the estate shall remain within the exclusive jurisdiction of the Bankruptcy Court.

10.  The Debtor(s) shall not transfer, sell, encumber, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Bankruptcy Court.  The Debtor shall be responsible for preserving and protecting all property of the estate.

11.  The Court may, from time to time during the period of the Plan, increase or reduce the amount of the payments provided by the Plan, where it shall be made to appear at a hearing upon such notice as the Court may designate, that the circumstances so warrant or so require.

12.  The Debtor shall inform the Trustee of any increase he/she receives in salary or in income.

13.  The Trustee shall pay the remaining balance due to any creditor when that balance due is $25.00 or less.

14.  Under 11 U.S.C. § 1325(a)(8) and § 1328(a), if the Debtor
     owes domestic support obligations, whether owed at the time
     of filing or incurred during the pendency of the bankruptcy
     case, the Debtor must file a certification with the Chapter
     13 Trustee stating that all such payments due under the
     plan have been paid before a discharge order may enter.

15.  Upon completion of the plan, discharge shall enter unless:
     (a) after motion and hearing the Court determines that the
     Debtor is not entitled to one pursuant to 11 U.S.C. §
     1328(h), or; (b) the  Debtor is otherwise not entitled to
     one pursuant to 11 U.S.C. § 1328.

16.  The plan meets all of the requirements set forth in 11
     U.S.C. § 1325(a).

17.  This order is effective for the plan confirmed on December
     30, 2009 as well as any amended plan approved by the Court,
     post confirmation, upon the entry of an order granting a
     Motion to Approve a post confirmation plan, unless a new
     order is deemed necessary.

ORDER:                                ENTER:


_____          _____
Deputy Clerk                          Arthur N. Votolato
                                      U.S. Bankruptcy Judge
                                      Date:
Entered on:


                       CERTIFICATION

     I hereby certify that a copy of the within Order Confirming
Chapter 13 Plan was mailed, postage prepaid, to Danielle Lema,
15 9th St., E. Providence, RI 02914 and electronically mailed to
John Ennis, Esq. at jbelaw@aol.com on January 22, 2010.

                            /s/Martha Hunt

In re:   Danielle Lema                          BK-09-11808

SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

A.  DOMESTIC SUPPORT OBLIGATION CLAIMS

    None

B.  ADMINISTRATIVE CLAIMS

    None

C.  PRIORITY CLAIMS

    Priority tax claims for which claims are properly filed shall
    be paid first.

D.  SECURED CLAIMS

    The debtor(s) shall be responsible for the ongoing monthly
    mortgage payments to Federal National Mortgage Association as
    serviced by Aurora Loan Services.

E.  UNSECURED CLAIMS

    All unsecured creditors shall receive not less than 3% of the
    amount of their claims duly proved and allowed by the Court.

F.  OTHER PERTINENT PROVISIONS

    None